**FILED**
August 12, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ PG
                         DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GH AMERICA ENERGY LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.; PABLO VEGAS, Chief Executive Officer of the ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.; PAUL FOSTER, BILL FLORES, CARLOS AGUILAR, LINDA CAPUANO, LORI COBOS, JULIE ENGLAND, ROBERT FLEXON, THOMAS GLEESON, PEGGY HEEG, COURTNEY HJALTMAN, and JOHN SWAINSON, Members of the Board of Directors of the RELIABILITY COUNCIL OF TEXAS, INC.,<br>            *Defendants,*<br><br>And<br><br>KEN PAXTON, in his official capacity as the Attorney General of Texas,<br>        [Proposed] *Intervenor-Defendant*. | Case No. 1:24-cv-00648 |

**INTERVENOR-DEFENDANT ATTORNEY GENERAL KEN PAXTON'S ORIGINAL ANSWER AND JURY DEMAND**

Intervenor-Defendant Ken Paxton, in his official capacity as the Attorney General of Texas ("the Texas AG"), files this Original Answer and Jury Demand in response to Plaintiff GH America Energy, LLC's ("Plaintiff") Complaint.

## ANSWER

Pursuant to Fed. R. Civ. P. 8(b) and for the express purpose of meeting its burden of proof in this suit, the Texas AG denies each and every allegation contained in Plaintiff's Complaint, except those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiff's Complaint. Titles that are reproduced in this Answer are included for organizational purposes only, and the Texas AG does not admit any matter contained therein.

## PARTIES

1. The Texas AG admits the allegations contained in ¶ 1 of Plaintiff's Complaint.
2. The Texas AG admits the allegations contained in ¶ 2 of Plaintiff's Complaint.
3. The Texas AG admits the allegations contained in ¶ 3 of Plaintiff's Complaint.
4. The Texas AG admits the allegations contained in ¶ 4 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

5. The Texas AG admits the allegations contained in ¶ 5 of Plaintiff's Complaint.
6. The Texas AG denies the allegations contained in ¶ 6 of Plaintiff's Complaint.
7. The Texas AG admits that ERCOT resides in the Western District of Texas, and that all other defendants are residents of Texas. The Texas AG denies the remainder of the allegations contained in ¶ 7 of Plaintiff's Complaint.

## CFIUS

8. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 8 of Plaintiff's Complaint and, therefore, denies them.

9. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 9 of Plaintiff's Complaint and, therefore, denies them.

10. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 10 of Plaintiff's Complaint and, therefore, denies them.

11. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 11 of Plaintiff's Complaint and, therefore, denies them.

12. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 12 of Plaintiff's Complaint and, therefore, denies them.

13. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 13 of Plaintiff's Complaint and, therefore, denies them.

14. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 14 of Plaintiff's Complaint and, therefore, denies them.

15. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 15 of Plaintiff's Complaint and, therefore, denies them.

16. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 16 of Plaintiff's Complaint and, therefore, denies them.

17. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 17 of Plaintiff's Complaint and, therefore, denies them.

18. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 18 of Plaintiff's Complaint and, therefore, denies them.

19. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 19 of Plaintiff's Complaint and, therefore, denies them.

20. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 20 of Plaintiff's Complaint and, therefore, denies them.

21. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 21 of Plaintiff's Complaint and, therefore, denies them.

22. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 22 of Plaintiff's Complaint and, therefore, denies them.

23. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 23 of Plaintiff's Complaint and, therefore, denies them.

24. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 24 of Plaintiff's Complaint and, therefore, denies them.

25. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 25 of Plaintiff's Complaint and, therefore, denies them.

26. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 26 of Plaintiff's Complaint and, therefore, denies them.

27. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 27 of Plaintiff's Complaint and, therefore, denies them.

**THE FACTS**

28. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 28 of Plaintiff's Complaint and, therefore, denies them.

29. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 29 of Plaintiff's Complaint and, therefore, denies them.

30. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 30 of Plaintiff's Complaint and, therefore, denies them.

31. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 31 of Plaintiff's Complaint and, therefore, denies them.

32. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 32 of Plaintiff's Complaint and, therefore, denies them.

33. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 33 of Plaintiff's Complaint and, therefore, denies them.

34. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 34 of Plaintiff's Complaint and, therefore, denies them.

35. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 35 of Plaintiff's Complaint and, therefore, denies them.

36. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 36 of Plaintiff's Complaint and, therefore, denies them.

37. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 37 of Plaintiff's Complaint and, therefore, denies them.

38. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 38 of Plaintiff's Complaint and, therefore, denies them.

39. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 39 of Plaintiff's Complaint and, therefore, denies them.

40. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 40 of Plaintiff's Complaint and, therefore, denies them.

41. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 41 of Plaintiff's Complaint and, therefore, denies them.

42. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 42 of Plaintiff's Complaint and, therefore, denies them.

43. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 43 of Plaintiff's Complaint and, therefore, denies them.

44. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 44 of Plaintiff's Complaint and, therefore, denies them.

45. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 45 of Plaintiff's Complaint and, therefore, denies them.

**LSIPA**

46. The Texas AG admits the allegations contained in ¶ 46 of Plaintiff's Complaint.

47. The Texas AG admits the allegations contained in ¶ 47 of Plaintiff's Complaint.

48. The Texas AG admits the allegations contained in ¶ 48 of Plaintiff's Complaint.

49. The Texas AG admits that State Senator Donna Campbell introduced Texas Senate Bill 2116 that was eventually enacted as LSIPA. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in ¶ 49 of Plaintiff's Complaint and, therefore, denies them.

50. The Texas AG admits the allegations contained in ¶ 50 of Plaintiff's Complaint

**ERCOT APPLIES LSIPA TO CANCEL GHEA'S PROJECTS**

51. The Texas AG admits that pursuant to ERCOT Planning Guide, Section 5, an "Interconnecting Entity" that wants to interconnect with the Texas grid system must submit a completed

interconnection request to ERCOT. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in ¶ 51 of Plaintiff's Complaint and, therefore, denies them.

52. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 52 of Plaintiff's Complaint and, therefore, denies them.

53. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 53 of Plaintiff's Complaint and, therefore, denies them.

54. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 54 of Plaintiff's Complaint and, therefore, denies them.

55. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 55 of Plaintiff's Complaint and, therefore, denies them.

56. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 56 of Plaintiff's Complaint and, therefore, denies them.

57. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 57 of Plaintiff's Complaint and, therefore, denies them.

58. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 58 of Plaintiff's Complaint and, therefore, denies them.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE SUPREMACY CLAUSE**

59. No response is required to ¶ 59 of Plaintiff's Complaint.

60. This paragraph consists of Plaintiff's characterization of the United States Constitution. The U.S. Constitution speaks for itself. The Texas AG denies Plaintiff's characterization of the U.S. Constitution to the extent that it is inconsistent with the U.S. Constitution itself.

61. This paragraph consists of Plaintiff's characterization of the United States Constitution. The U.S. Constitution speaks for itself. The Texas AG denies Plaintiff's characterization of the U.S. Constitution to the extent that it is inconsistent with the U.S. Constitution itself.

62. The Texas AG denies the allegations contained in ¶ 62 of Plaintiff's Complaint.

63. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 63 of Plaintiff's Complaint and, therefore, denies them.

64. The Texas AG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 64 of Plaintiff's Complaint and, therefore, denies them.

65. The Texas AG denies the allegations contained in ¶ 65 of Plaintiff's Complaint.

66. The Texas AG denies the allegations contained in ¶ 66 of Plaintiff's Complaint

## SECOND CAUSE OF ACTION

## VIOLATION OF THE DORMANT COMMERCE CLAUSE

67. No response is required to ¶ 67 of Plaintiff's Complaint.

68. This paragraph consists of Plaintiff's characterization of the United States Constitution. The U.S. Constitution speaks for itself. The Texas AG denies Plaintiff's characterization of the U.S. Constitution to the extent that it is inconsistent with the U.S. Constitution itself.

69. This paragraph consists of Plaintiff's characterization of the United States Constitution. The U.S. Constitution speaks for itself. The Texas AG denies Plaintiff's characterization of the U.S. Constitution to the extent that it is inconsistent with the U.S. Constitution itself.

70. The Texas AG denies the allegations contained in ¶ 70 of Plaintiff's Complaint.

71. The Texas AG denies the allegations contained in ¶ 71 of Plaintiff's Complaint

### THIRD CAUSE OF ACTION

### VIOLATION OF THE EQUAL PROTECTION CLAUSE (42 U.S.C. § 1983)

72. No response is required to ¶ 72 of Plaintiff's Complaint.

73. This paragraph consists of Plaintiff's characterization of the United States Constitution. The U.S. Constitution speaks for itself. The Texas AG denies Plaintiff's characterization of the U.S. Constitution to the extent that it is inconsistent with the U.S. Constitution itself.

74. This paragraph consists of Plaintiff's characterization of the United States Constitution. The U.S. Constitution speaks for itself. The Texas AG denies Plaintiff's characterization of the U.S. Constitution to the extent that it is inconsistent with the U.S. Constitution itself.

75. The Texas AG denies the allegations contained in ¶ 75 of Plaintiff's Complaint.

76. The Texas AG denies the allegations contained in ¶ 76 of Plaintiff's Complaint

77. This paragraph consists of Plaintiff's characterization of 42 U.S.C. § 1983. 42 U.S.C. § 1983 speaks for itself. The Texas AG denies Plaintiff's characterization of the 42 U.S.C. § 1983 to the extent that it is inconsistent with the provisions therein.

78. The Texas AG denies the allegations contained in ¶ 78 of Plaintiff's Complaint

### PRAYER FOR RELIEF

A. The Texas AG denies that Plaintiff is entitled to any of the relief requested therein.

B. The Texas AG denies that Plaintiff is entitled to any of the relief requested therein.

C. The Texas AG denies that Plaintiff is entitled to any of the relief requested therein.

D. The Texas AG denies that Plaintiff is entitled to any of the relief requested therein.

E.  No response is required to ¶ E of Plaintiff's Complaint.

F.  The Texas AG denies that Plaintiff is entitled to any of the relief requested therein.

G.  The Texas AG denies that Plaintiff is entitled to any of the relief requested therein.

H.  The Texas AG denies that Plaintiff is entitled to any of the relief requested therein.

**THE TEXAS AG'S OTHER ANSWERS AND AFFIRMATIVE DEFENSES**

1. Plaintiff failed to state a claim for which relief can be granted under the Supremacy Clause, the Dormant Commerce Clause, the Equal Protection Clause or under any other statute, constitutional theory, or legal theory.

2. The Texas AG denies that Plaintiff was deprived of any right, privilege, or immunity granted or secured by the Constitution and/or laws of the United States.

3. The Texas AG asserts immunity from suit as to all claims.

4. The Texas AG invokes all limitations, defenses, and exclusions set forth in the Uniform Declaratory Judgment Act and any other applicable statutes.

5. The Texas AG asserts the defenses of res judicata, statute of limitations, laches, estoppel, waiver, and lack of jurisdiction to Plaintiff's claims in this lawsuit.

6. The Texas AG denies that Plaintiff is entitled to damages or any other relief demanded in Plaintiff's Complaint and further denies that Plaintiff is entitled to costs in any amount whatsoever.

7. The Texas AG asserts that the Eleventh Amendment to the United States Constitution bars relief under Plaintiff's claims because the *Ex parte Young* exception is inapplicable to the claims raised in this case, and Plaintiff has failed to point to any other valid theory excusing the jurisdictional bar created by the Eleventh Amendment.

8. The Texas AG asserts Eleventh Amendment immunity to any claim for damages brought against him in his official capacity.

9. The Texas AG specifically invokes entitlement to Eleventh Amendment Immunity and sovereign immunity as to any of Plaintiff's claims which are not expressly and unambiguously included within the limited waivers of sovereign immunity found in any statute under which Plaintiff makes claim.

10. Pursuant to 42 USC § 1988, the Texas AG will be entitled to recover his attorneys' fees if he is the prevailing party.

11. Even if Plaintiff were to prevail, which Plaintiff should not, Plaintiff is not entitled to recover attorneys' fees that are unreasonable, excessive, unwarranted, and unrelated to this litigation.

12. The Texas AG specifically pleads all affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure which are applicable to this case and any and all other affirmative defenses and qualified and good faith immunities, all of which are pled herein as if copied *in extenso*.

13. The Texas AG asserts his right to raise additional defenses that become apparent throughout the factual development of the case.

14. The Texas AG contends that he is entitled to a jury trial.

## Conclusion

Ken Paxton, the Texas AG, asks the Court to deny all relief requested by Plaintiff, to afford the Texas AG a trial by jury, to enter judgment in his favor as to all claims asserted by Plaintiff, and to be granted all such other and further legal and equitable relief to which the Texas AG may be entitled.

Date: August 9, 2024

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

Respectfully submitted.

*/s/Susanna Dokupil*
**SUSANNA DOKUPIL**
Special Counsel
Tex. State Bar No. 24034419

**KATHLEEN T. HUNKER**
Special Counsel
Tex. State Bar No. 24118415

**GARRETT GREENE**
Special Counsel
Tex. State Bar No. 24096217

**MUNERA AL-FUHAID**
Special Counsel
Tex. State Bar No. 24094501

**JACOB PRZADA**
Special Counsel
Tex. State Bar No.24125371

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Susanna.Dokupil@oag.texas.gov
Kathleen.Hunker@oag.texas.gov
Garrett.Greene@oag.texas.gov
Munera.Al-fuhaid@oag.texas.gov
Jacob.Przada@oag.texas.gov

**COUNSEL FOR INTERVENOR-DEFENDANT
KEN PAXTON, ATTORNEY GENERAL OF TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 9, 2024 and that all counsel of record were served by CM/ECF.

*/s/Susanna Dokupil*
SUSANNA DOKUPIL