IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GH AMERICA ENERGY LLC,<br><br>    *Plaintiffs,*<br>v.<br><br>DOUGLAS FOHN, in his official capacity as Assistant General Counsel of the Electric Reliability Council of Texas, Inc. ("ERCOT"); HOLLY HEINRICH, in her official capacity as Legal/Regulatory Counsel of ERCOT; PABLO VEGAS, Chief Executive Officer of ERCOT; PAUL FOSTER, BILL FLORES, CARLOS AGUILAR, LINDA CAPUANO, LORI COBOS, JULIE ENGLAND, ROBERT FLEXON, THOMAS GLEESON, PEGGY HEEG, COURTNEY HJALTMAN, and JOHN SWAINSON, in their official capacities as members of the Board of Directors of ERCOT,<br>    *Defendants,*<br><br>And<br><br>KEN PAXTON, in his official capacity of Attorney General of Texas,<br>    *Intervenor-Defendant.* | Case No. 1:24-cv-00648-DII |

## INTERVENOR-DEFENDANT ATTORNEY GENERAL KEN PAXTON'S ANSWER TO AMENDED COMPLAINT

Intervenor-Defendant Ken Paxton, in his official capacity as the Attorney General of Texas ("Texas AG"), files his Answer in response to Plaintiff's Amended Complaint (ECF 19) filed herein on August 26, 2024, and hereby repeats

1

and re-asserts his jury demand set forth in his Original Answer and Jury Demand herein (ECF 16).

The Texas AG hereby denies each and every allegation set forth in Plaintiff's Amended Complaint except for those expressly admitted herein. The headings and paragraphs set forth below correlate to the sections and numbered paragraphs in Plaintiff's Amended Complaint.

## PARTIES

1. The Texas AG admits that Plaintiff GH America Energy LLC ("GHAE") is a Texas limited liability company that is registered with the Secretary of State of Texas and has listed an address at 2800 Post Oak Boulevard, Suite 5115, Houston, Texas 77056; that Plaintiff is a direct or indirect subsidiary of Xinjiang Guanghui Industry Investment (Group) Company Ltd. ("Xinjiang"), located in the People's Republic of China and directly or indirectly majority-owned and controlled by Sun Guangxin, a citizen of the People's Republic of China, and denies the remaining allegations of Paragraph 1 of the Amended Complaint.

2. The Texas AG admits that the named defendants are sued in the capacities stated in Paragraph 2 of the Amended Complaint, but denies that they may be properly sued in such capacities.

3. The Texas AG admits that the named defendants are sued in the capacities stated in Paragraph 3 of the Amended Complaint, but denies that they may be properly sued in such capacities.

## JURISDICTION AND VENUE

4. The Texas AG admits that GHAE invokes the U. S. Constitution in Paragraph 4 of the Amended Complaint as a basis for subject matter jurisdiction, but denies that subject matter jurisdiction properly exists in this case.

5. The Texas AG denies the allegations in Paragraph 5 of the Amended Complaint.

6. The Texas AG admits that the Texas AG performs official duties in this District and is a resident of Texas, and is without sufficient knowledge or information to admit or deny the allegations of Paragraph 6 of the Amended Complaint regarding the location of performance of official duties or residency of some or all of the remaining Defendants, and therefore denies the remaining allegations of Paragraph 6 of the Amended Complaint.

7. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 7 of the Amended Complaint and therefore denies them.

## FACTUAL ALLEGATIONS

8. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 8 of the Amended Complaint and therefore denies them.

9. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 9 of the Amended Complaint and therefore denies them.

10. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 10 of the Amended Complaint and therefore denies them.

11. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 11 of the Amended Complaint and therefore denies them.

12. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 12 of the Amended Complaint and therefore denies them.

13. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 13 of the Amended Complaint and therefore denies them.

14. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 14 of the Amended Complaint and therefore denies them.

15. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 15 of the Amended Complaint and therefore denies them.

16. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 16 of the Amended Complaint and therefore denies them.

17. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 17 of the Amended Complaint and therefore denies them.

18. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 18 of the Amended Complaint and therefore denies them.

19. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 19 of the Amended Complaint and therefore denies them.

20. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 20 of the Amended Complaint and therefore denies them.

21. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 21 of the Amended Complaint and therefore denies them.

22. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 22 of the Amended Complaint and therefore denies them.

23. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 23 of the Amended Complaint and therefore denies them.

24. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 24 of the Amended Complaint and therefore denies them.

25. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 25 of the Amended Complaint and therefore denies them.

26. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 26 of the Amended Complaint and therefore denies them.

27. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 27 of the Amended Complaint and therefore denies them.

28. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 28 of the Amended Complaint and therefore denies them.

29. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 29 of the Amended Complaint and therefore denies them.

30. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 30 of the Amended Complaint and therefore denies them.

31. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 31 of the Amended Complaint and therefore denies them.

32. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 32 of the Amended Complaint and therefore denies them.

33. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 33 of the Amended Complaint and therefore denies them.

34. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 34 of the Amended Complaint and therefore denies them.

35. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 35 of the Amended Complaint and therefore denies them.

36. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 36 of the Amended Complaint and therefore denies them.

37. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 37 of the Amended Complaint and therefore denies them.

38. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 38 of the Amended Complaint and therefore denies them.

39. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 39 of the Amended Complaint and therefore denies them.

40. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 40 of the Amended Complaint and therefore denies them.

41. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 41 of the Amended Complaint and therefore denies them.

42. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 42 of the Amended Complaint and therefore denies them.

43. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 43 of the Amended Complaint and therefore denies them.

44. The Texas AG admits the allegations of Paragraph 44 of the Amended Complaint.

45. The Texas AG states that the Lone Star Infrastructure Protection Act speaks for itself and that Paragraph 45 of the Amended Complaint accurately quotes only a portion of such Act, and therefore denies Paragraph 45 of the Amended Complaint.

46. The Texas AG states that the Lone Star Infrastructure Protection Act speaks for itself and that Paragraph 46 of the Amended Complaint accurately quotes only a portion of such Act, and therefore denies Paragraph 46 of the Amended Complaint.

47. The Texas AG admits that one of the sponsors of Senate Bill 2116 in the 87th Texas Legislature was Texas State Senator Donna Campbell, and that Senate Bill 2116, with amendments passed by the Texas House of Representatives and concurred in by the Texas Senate, was enacted as the Lone Star Infrastructure Protection Act. The Texas AG lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 47 of the Amended Complaint and therefore denies them.

48. The Texas AG admits that, in response to a letter from Texas State Senator Donna Campbell dated August 18, 2021, the Texas AG issued Opinion No.

KP-0388 dated September 23, 2021; states that said Opinion speaks for itself, and otherwise denies the allegations of Paragraph 48 of the Amended Complaint.

49. The Texas AG admits that pursuant to ERCOT Planning Guide, Section 5, an "Interconnecting Entity" that wants to interconnect with the Texas electrical grid system should submit a completed interconnection request to ERCOT. The Texas AG lacks knowledge and information sufficient to admit or deny the remaining allegations of Paragraph 49 of the Amended Complaint and therefore denies them.

50. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 50 of the Amended Complaint, and therefore denies them.

51. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 51 of the Amended Complaint, and therefore denies them.

52. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 52 of the Amended Complaint, and therefore denies them.

53. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 53 of the Amended Complaint, and therefore denies them.

54. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 54 of the Amended Complaint, and therefore denies them.

55. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 55 of the Amended Complaint, and therefore denies them.

56. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 56 of the Amended Complaint, and therefore denies them.

57. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 57 of the Amended Complaint, and therefore denies them.

58. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 58 of the Amended Complaint, and therefore denies them.

59. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 59 of the Amended Complaint, and therefore denies them.

60. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 60 of the Amended Complaint, and therefore denies them.

61. The Texas AG states that ERCOT''s Planning Guide and the provisions of the Lone Star Infrastructure Protection Act speak for themselves; and that the Texas AG lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 61 of the Amended Complaint, and therefore denies them.

62. The Texas AG lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 62 of the Amended Complaint, and therefore denies them.

63. Paragraph 63 was omitted from the Amended Complaint, so no response thereto is necessary.

## FIRST CAUSE OF ACTION
(*Ex Parte Young*)

64. The Texas AG incorporates by reference his responses to Paragraphs 1 through 62 of the Amended Complaint in response to Paragraph 64 of the Amended Complaint.

65. The Texas AG states that the United States Constitution speaks for itself, and denies the characterization of the United States Constitution set forth in Paragraph 65 of the Amended Complaint to the extent of any inconsistency.

66. The Texas AG states that the United States Constitution speaks for itself, and denies the characterization of the United States Constitution set forth in Paragraph 66 of the Amended Complaint to the extent of any inconsistency.

67. The Texas AG denies the allegations of Paragraph 67 of the Amended Complaint.

68. The Texas AG admits that the federal government has responsibilities related to foreign relations and national security and denies the remaining allegations of Paragraph 68 of the Amended Complaint.

69. The Texas AG admits that CFIUS and OFAC have responsibilities under federal legislation as set forth in such legislation and denies the remaining allegations of Paragraph 69 of the Amended Complaint.

70. The Texas AG lacks knowledge and information sufficient to admit or deny the allegations of Paragraph 70 of the Amended Complaint and therefore denies them.

71. The Texas AG denies the allegations of Paragraph 71 of the Amended Complaint.

72. The Texas AG denies the allegations of Paragraph 72 of the Amended Complaint.

73. The Texas AG denies the allegations of Paragraph 73 of the Amended Complaint.

**SECOND CAUSE OF ACTION**
(42 U.S.C. § 1983)

74. The Texas AG incorporates by reference his responses to Paragraphs 1 through 62 of the Amended Complaint in response to Paragraph 64 of the Amended Complaint.

75. The Texas AG states that 42 U. S. C. § 1983 speaks for itself and denies the remaining allegations of Paragraph 75 of the Amended Complaint.

76. The Texas AG incorporates by reference his responses to Paragraphs 65-66 and 68-71 of the Amended Complaint in response to Paragraph 76 of the Amended Complaint.

77. The Texas AG states that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution speaks for itself and denies the remaining allegations of Paragraph 77 of the Amended Complaint.

78. The Texas AG states that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution speaks for itself and denies the remaining allegations of Paragraph 78 of the Amended Complaint.

79. The Texas AG denies the allegations of Paragraph 79 of the Amended Complaint.

80. The Texas AG denies the allegations of Paragraph 80 of the Amended Complaint.

## ADDITIONAL ANSWERS AND DEFENSES OF THE TEXAS AG

1. Plaintiff in its Amended Complaint fails to state a claim for which relief may be granted under any applicable law or legal theory.

2. The Texas AG asserts immunity from suit for damages or costs under the Eleventh Amendment to the United States Constitution and the common law.

3. The Eleventh Amendment to the United States Constitution bars this action and all claims asserted herein.

4. The Texas AG invokes all limitations, defenses, and exclusions set forth in the Declaratory Judgment Act and any other applicable statutes.

5. The Texas AG pleads and asserts all affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure and applicable to this case, and further asserts qualified and good faith immunities to all claims asserted herein.

6. The Texas AG pleads and asserts the defenses of laches, unclean hands, and lack of equity as to all claims for equitable relief in this action.

7. The Texas AG asserts lack of subject matter jurisdiction as to some or all claims herein.

8. The Texas AG will be entitled to recover a reasonable attorney's fee as part of the costs in the Court's discretion under 42 U. S. C. § 1988(b) as the prevailing party in an action under 42 U. S. C. § 1983.

9. The Texas AG hereby demands a jury trial on all issues of fact pursuant to the Seventh Amendment to the United States Constitution.

10. The Texas AG denies that Plaintiff is entitled to any relief set forth in the Prayer for Relief in the Amended Complaint as to any party.

11.     The Texas AG asserts that the Lone Star Infrastructure Protection Act is a lawful exercise of the police power of the State of Texas consistent with the Constitution and laws of the United States.

| | |
|---|---|
| Date: September 9, 2024 | Respectfully submitted. |
| **KEN PAXTON**<br>Attorney General | */S/ David Bryant*<br>**DAVID BRYANT**<br>Attorney-in-Charge<br>Special Counsel<br>Tex. State Bar No. 03281500 |
| **BRENT WEBSTER**<br>First Assistant Attorney General | |
| **RALPH MOLINA**<br>Deputy First Assistant Attorney General | **SUSANNA DOKUPIL**<br>Special Counsel<br>Tex. State Bar No. 24034419 |
| **AUSTIN KINGHORN**<br>Deputy Attorney General for Legal Strategy | **MUNERA AL-FUHAID**<br>Special Counsel<br>Tex. State Bar No. 24094501 |
| **RYAN D. WALTERS**<br>Chief, Special Litigation Division | |

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
David.bryant@oag.texas.gov
Susanna.dokupil@oag.texas.gov
Munera.al-fuhaid@oag.texas.gov

**COUNSEL FOR INTERVENOR-DEFENDANT KEN PAXTON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF TEXAS**

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 9, 2024 and that all counsel of record were served by CM/ECF.

*/S/ David Bryant*
**DAVID BRYANT**