## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| GH AMERICA ENERGY LLC )<br><br>Plaintiff, )<br><br>v. )<br>. )<br>DOUGLAS FOHN, in his official capacity as )<br>Assistant General Counsel of the Electric )<br>Reliability Council of Texas, Inc. ("ERCOT"); )<br>HOLLY HEINRICH, in her official capacity as )<br>Legal/Regulatory Counsel of ERCOT; PABLO )<br>VEGAS, in his official capacity as )<br>Chief Executive Officer of ERCOT;  PAUL )<br>FOSTER, in his official capacity as a member of )<br>the Board of Directors of ERCOT; BILL FLORES, )<br>in his official capacity as a member of the Board )<br>of Directors of ERCOT; CARLOS AGUILAR, in )<br>his official capacity as a member of the Board of )<br>Directors of ERCOT; LINDA CAPUANO, in her )<br>official capacity as a member of the Board of )<br>Directors of ERCOT; JULIE ENGLAND, in her )<br>official capacity as a member of the Board of )<br>Directors of ERCOT; ROBERT FLEXON, in his )<br>official capacity as a member of the Board of )<br>Directors of ERCOT; PEGGY HEEG, in her )<br>official capacity as a member of the Board of )<br>Directors of ERCOT; and JOHN SWAINSON, )<br>in his official capacity as a member of the Board )<br>of Directors of ERCOT )<br>)<br>Defendants. )<br>)<br>ATTORNEY GENERAL KEN PAXTON, )<br>)<br>Intervenor-Defendant. )<br> )| CASE NO. 1:24-CV-00648-DII |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR**
**14-DAY EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT**

Plaintiff GH America Energy LLC ("GHAE") opposes the motion of defendants Douglas Fohn *et al.* (the "ERCOT Officials") for an extension of time of 14 days, to and including September 27, 2024, within which to respond to GHAE's amended complaint.  The reasons for this opposition are as follows.

1.  GHAE filed its original Complaint against the Electric Reliability Council of Texas, Inc. ("ERCOT") and its officers on June 11, 2024 (ECF Doc. No. 1).  Consistent with their policies of professional courtesy and good faith litigation, GHAE's counsel agreed to stipulate with counsel for the ERCOT Officials that the ERCOT officials would have to and including August 12, 2024, to respond to the original Complaint (ECF No. 6).  The Court confirmed this response date by Order of June 20, 2024 (ECF Doc. No. 7).  The ERCOT officials timely filed a 40-page motion to dismiss the Complaint under Fed. R. Civ. P. 12, accompanied by an appendix of 86 pages of documents (ECF Doc. No. 13).

2.  On Monday, August 26, 2024, at 4:39 P.M., GHAE filed an Amended Complaint by traditional, physical submission with the Clerk of Court (ECF Doc. No. 19).[1]  Traditional filing was required by Section 5 of the Austin Division's Administrative Policies and Procedures for Electronic Filing because the pleading added party names. The Clerk "entered" the filing on the ECF docket on August 30, 2024.  Based on that entry, ERCOT Officials apparently assume that, under Fed. R. Civ. P. 15(a)(3), which requires a party to respond to an amended pleading "within 14 days after service of the amended pleading," the deadline for their response to GHAE's

---

[1] *See* the attached first page of the Amended Complaint.

Amended Complaint is September 13, 2024, which is 18 days after the filing of GHAE's Amended Complaint but 14 days after the filing was "entered" on the docket sheet.

3. The ERCOT Officials have not shown good cause for the grant of their motion. First, they erroneously state that, "Plaintiff filed its Amended Complaint late on Friday of the long holiday weekend, effectively truncating the Original Defendant's already-short 14 day deadline to file a renewed motion to dismiss.[2] In fact, as is shown on the face of the Amended Complaint and the Court's docket sheet, GHAE filed its Amended Complaint on Monday, August 26, 2024, not on Friday, August 30, 2024. Therefore, the ERCOT Officials' response time was not "truncat[ed]" by GHAE's filing.

Second, the ERCOT Officials say they need additional time "to meet with the New Defendants, research arguments that will be unique to their circumstances, and research and brief additional issues raised by Plaintiff's amended pleading."[3] This is absurd. In the original Complaint, GHAE alleged that ERCOT took specific actions to apply to GHAE the Texas statute whose constitutionality GHAE is challenging. In their motion to dismiss, defendants argued, among other things that ERCOT enjoyed sovereign immunity and could not be sued for taking those actions. Accordingly, in its Amended Complaint GHAE removed ERCOT as a party defendant and substituted the ERCOT officials—Douglas Fohn and Holly Heinrich—who took those actions.[4] GHAE raised no "additional issues" against Fohn or Heinrich, who the ERCOT

---

[2] Defendants' Partially Unopposed Motion for Leave to Exceed Page Limitation and for 14-Day Extension (ECF Doc. No. 20) ("Def. Mot.") at 2.

[3] Def. Mot. at 2-3.

[4] *Compare* ¶¶ 53, 55, and 57 of the original Complaint with ¶¶ 51, 54, 56, and 60 of the Amended Complaint.

Officials call the "New Defendants."  It is specious for the ERCOT Officials to say they need an extension of time to meet with these New Defendants and research issues their addition raises.[5]

Indeed, the Amended Complaint as a whole *eliminates* a number of claims GHAE made in the original Complaint and *does not add any new claims*.  In all likelihood, the ERCOT Officials' second motion to dismiss will be a cut-and-paste job from its first motion to dismiss that could be completed well within the 14 days presently available to them to file it.

Third, the ERCOT Officials contend that, because GHAE consented to a request by Defendant-Intervenor Texas Attorney General for a 14-day extension of time to respond to the Amended Complaint, the grant of the ERCOT Officials' motion would "limit( ) the number of independent motions that this Court will have to consider, and it will ensure that all Defendants' and Defendants-Intervenors' motions may be briefed and considered on the same schedule."[6] However, GHAE consented to the request by Defendant-Intervenor because it anticipated that Defendant-Intervenor would be filing an Answer to the Amended Complaint, which he proceeded to do on September 9, 2024. *See* ECF Doc. No. 21. Therefore, there will be no flurry of "independent motions" that the Court will have to consider on different schedules.  There will be only one such motion – the one the ERCOT Officials plan to file.

Finally, contrary to the ERCOT Officials' assertion,[7] GHAE will be prejudiced by the grant of their motion.  GHAE is entitled to the adjudication of its claims in accordance with the time

---

[5]  The ERCOT Officials have asserted that Ms. Heinrich has left ERCOT, and they falsely claim that GHAE's counsel "rebuffed" their informal request that she be dismissed as a defendant.  Def. Mot. at 2-3 n. 2.  GHAE's counsel advised counsel for the ERCOT Officials that, if Ms. Heinrich has "ceased to hold office" at ERCOT, Fed. R. Civ. P. 25(d) provides that the action does not abate, that Ms. Heinrich's successor is automatically substituted as a party," and that no order of dismissal is necessary.

[6] Def. Mot. at 2.

[7] Def. Mot. at 3.

periods prescribed by the Federal Rules of Civil Procedure, and not at the whim of the ERCOT

Officials.  The Court already has given the ERCOT Officials a lengthy extension of time to file

their first motion to dismiss, and they have failed to justify the grant of another extension.

Respectfully submitted,

/s/ *Eliyahu Ness*
Eliyahu Ness (SBN 24119651)
NESS PLLC
3232 McKinney Ave
Suite 500
Dallas, TX 75204
Telephone: (469) 319-1355
eness@nesslegal.com

Neil H. Koslowe
NESS PLLC
445 Park Avenue, 9th Floor
New York, NY 10022
Telephone: (202) 320-8907
nkoslowe@nesslegal.com

*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was served on Plaintiff's counsel of record by filing a copy of the foregoing document electronically with the Clerk of Court using the CM/ECF system on September 11, 2024.


By:  <u>/s/ *Eliyahu Ness*         </u>
Eliyahu Ness

5